UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| ALMA CLARISA HERNANDEZ, | Case No. 5:13-cv-01830-RMW |
|---|---|
| Plaintiff, | |
| v. | **ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES** |
| ROBERT C. YEN, et al., | |
| Defendants. | Re: Dkt. No. 64 |

Before the Court is Plaintiff's Motion for Attorneys' Fees and Litigation Expenses ("the Motion"), (Doc. 64). Defendants filed no opposition. After considering the papers and arguments in support of the Motion, the Court **GRANTS** Plaintiff's Motion, but with certain reductions.

I.  **BACKGROUND FACTS**

Plaintiff, Alma Clarisa Hernandez ("Hernandez"), has multiple health conditions that require her to use a wheelchair for mobility. Hernandez brought this action in April 2013 alleging that Defendants Robert C. Yen and Vivian W. K. Shen (collectively "the Yens"), and Mega Fortune Corp. ("Mega Fortune," and together with the Yens, collectively referred to as "Defendants"), deprived her of full and equal access to the Pho Bang restaurant located at the corner of King and Tully Roads in San Jose, California ("the Restaurant"). Specifically, Hernandez found that the Restaurant's public restroom was inaccessible, causing her great difficulty in using it. Therefore, Hernandez filed this action seeking an injunction requiring

1

Defendants to make the restroom fully accessible to her, as well to remove any other barriers to her full and equal access at the Restaurant.

The real property on and in which the Restaurant is located is owned by the Yens, and Mega Fortune owns and operates the Restaurant itself, as well as operates the exterior areas serving the Restaurant including the parking lot, paths of travel, exterior restrooms, and all patio/exterior seating areas.

Hernandez alleged violations of Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. sections 12181-12189 ("ADA"), which governs the accessibility of public accommodations and allows a disabled plaintiff to obtain injunctive relief; and the California Unruh Civil Rights Act, California Civil Code, sections 51, *et seq*. ("Unruh Act"), which also governs accessibility at public accommodations, and affords a disabled person the right to seek statutory damages in addition to injunctive relief. Hernandez also alleged violations of California Health and Safety Code sections 19955 and 19959 which require public accommodations to comply with the accessibility standards contained in the applicable California Building Code regulations.

Subsequent to filing her lawsuit, Hernandez claims she discovered quite a few other barriers to her full and equal access, and she amended her complaint to seek the removal of those barriers as well. Accordingly, Plaintiff's First Amended Complaint (Doc. 37) ("FAC") is her operative pleading.

The Yens did not respond to Hernandez's initial complaint or her amended complaint, and a clerk's default was entered against them on the amended complaint on February 2, 2015 (Doc. 52-1). Similarly, Mega Fortune did not timely answer the initial complaint, and a default was entered against it. However, Hernandez and Mega Fortune stipulated to set aside the default, and Mega Fortune thereafter appeared. Hernandez continued the prosecution of the action against Mega Fortune, culminating in a motion for summary judgment that was unopposed and granted in its entirety, affording Hernandez all the relief she sought in her FAC. Judgment was subsequently entered against Mega Fortune on June 22, 2015 by Magistrate Judge Paul S. Grewal (Doc. 58).

The matter was thereafter assigned to the undersigned with regard to the remaining Yen

1  defendants who – because they have not appeared – have not consented to magistrate judge
2  jurisdiction. This Court subsequently granted summary judgment against the Yens.  An amended
3  judgment issued on July 29, 2015, awarding Hernandez $4,000 in damages as well as injunctive
4  relief. (Doc. 67).

5  Hernandez requested and was granted an extension of time to July 31, 2015 within which to
6  file a motion for attorneys' fees and litigation expenses (Doc. 63).  Her motion is therefore timely
7  before the Court. Hernandez seeks $50,262.50 in attorneys' fees, and $6,292.65 in ~~litigation~~
8  ~~expenses.~~

## II. HERNANDEZ IS THE PREVAILING PARTY AND IS ENTITLED TO RECOVER HER FEES AND LITIGATION EXPENSES

### A. Prevailing party status

Hernandez prevailed on her summary judgment motion and obtained a Judgment in her favor.  As such, she is the prevailing party.  "To qualify as a prevailing party, a civil rights plaintiff must obtain at least some relief on the merits of his claim. The plaintiff must obtain an enforceable judgment against the defendant from whom fees are sought." *Farrar v. Hobby*, 506 U.S. 103, 111 (1992).

### B. The ADA and Unruh Act both provide for recovery of fees, and the ADA provides for the recovery of litigation expenses

Under the ADA, attorney fees are recoverable to a prevailing party.  42 U.S.C. § 12205. Because Congress passed the ADA in part to "ensure effective access to the judicial process for persons with civil rights grievances," the recovery of attorneys' fees "is the rule rather than the exception." *Hensley v. Eckerhart,* 461 U.S. 424, 429 (1983); *Jankey v. Poop Deck*, 537 F.3d 1122, 1131 (9th Cir. 2008) (internal quotation marks and citation omitted).  Additionally, any person found in violation of the Unruh Act "is liable for . . . any [attorneys'] fees that may be determined by the court . . . ." Cal. Civ. Code § 52(a).

In section 12205 of the ADA, Congress authorized a district court, in its discretion, to allow prevailing party its litigation expenses and costs.  42 U.S.C. § 12205. "The term 'litigation expenses' in section 12205 has been interpreted to include 'the same out-of-pocket expenses

that are recoverable under 42 U.S.C. § 1988.'" *Riker v. Distillery*, 2009 WL 4269466, at *5 (E.D. Cal. Nov. 25, 2009) (quoting *Robbins v. Scholastic Book Fairs*, 928 F. Supp. 1027, 1037 (D. Or. 1996) (discussing the legislative intent of section 12205 and finding that "litigation expenses" under section 12205 include the same out-of-pocket expenses that are recoverable under 42 U.S.C. § 1988)). Section 1988 allows recovery of out-of-pocket expenses that "would normally be charged to a fee-paying client." *Harris v. Marhoefer*, 24 F.3d 16, 19 (9th Cir. 1994) (internal citations and quotations omitted). The legislative history of the ADA also supports a finding that "litigation expenses" include costs "such as expert witness fees, travel expenses, and the preparation of exhibits." *Lovell v. Chandler*, 303 F.3d 1039, 1058 (9th Cir. 2002) (citations omitted) ("According to committee reports, Congress included the term 'litigation expenses' [in section 12205] in order to authorize a court to shift costs such as expert witness fees, travel expenses, and the preparation of exhibits.").

The Court entered judgment for Hernandez on both her ADA and Unruh Act claims. Accordingly, the Court finds that Hernandez is the prevailing party and she is entitled to recover fees and litigation expenses under the ADA and Unruh Act.

### III. ATTORNEYS' FEES ARE DETERMINED USING THE REASONABLE HOURLY BILLING RATE MULTIPLIED BY THE REASONABLE NUMBER OF HOURS EXPENDED

Once the prevailing party is identified, the Ninth Circuit has adopted the "lodestar" method for calculating that party's attorneys' fees. The lodestar method multiplies the number of hours reasonably spent in the litigation by the attorney's reasonable hourly rate. *McGrath v. Cnty. of Nevada*, 67 F.3d 248, 252 (9th Cir. 1995) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). In *Hensley,* the Supreme Court stated that the lodestar is the "presumptively reasonable fee amount" and that the Court can adjust upward or downward by a multiplier in "rare" or "exceptional" cases only. *Hensley*, 461 U.S. at 433. Hernandez has not requested any upward adjustment, and the Court does not find any exceptional circumstances warranting such an adjustment.

    **A.**    **Reasonable hourly billing rate of attorneys and paralegals**

In order to determine the reasonableness of hourly rates claimed, courts are to look to the prevailing market rates in the relevant legal community. *Blum v. Stenson,* 465 U.S. 886, 895 (1984). In general, courts are to utilize the rates of attorneys practicing in the forum district, here, the Northern District of California. *Gates v. Deukmejian*, 987 F.2d 1392, 1405 (9th Cir. 1992); *Davis v. Mason Cnty.,* 927 F.2d 1473, 1488 (9th Cir. 1991). Rate determinations in similar cases are satisfactory evidence of the prevailing market rate, especially those setting a rate for the prevailing party's attorney. *United Steelworkers of America v. Phelps Dodge Corp.,* 896 F.2d 403, 407 (9th Cir. 1990).

Plaintiff requests attorneys' fees for attorney Tanya E. Moore and paralegals Marejka Sacks, Whitney Law, and David Guthrie. Moore's requested hourly rate is $350, Sack's hourly rate is $150, Law's hourly rate is $125[1], and Guthrie's hourly rate is $95.

This Court has held that the hourly rates requested by Plaintiff's counsel are reasonable in this district. In 2013, Attorney Catherine Cabalo had been a litigator for 12 years, had focused on disability access cases for three years, and received an hourly rate of $425 from this district. *Cruz v. Starbucks Corporation,* No. C-10-01868-JCS, 2013 U.S. Dist. LEXIS 79231, at *18 (N.D. Cal. June 5, 2013). Similarly, Moore has been a practicing attorney for 15 years, with over seven years focusing nearly exclusively on access litigation, and she seeks $350 per hour. The Court finds that a $350 per hour rate for attorney Moore is appropriate.

In the *Cruz* action, Aaron Clefton, a senior paralegal who had specialized in disability access litigation for eight years, had his hourly rate set at $175 per hour. *Id.* at *19-20. Paralegal Sacks has over 10 years of experience in civil litigation, of which five years has been devoted to access litigation, and therefore an award of $150 per hour is appropriate.

Further, this district has previously awarded an hourly rate of $350 for attorney Moore and

---

[1] Law's initial billing rate when this matter commenced was $85. However, according to her declaration, her hourly rate was increased to $125 once research into the reasonable hourly rates within the firm's practice area revealed that her rate was significantly under the market rates in the area.

1   $150 for paralegal Sacks, further supporting these hourly rates.[2]  *Shaw v. Ghimire*, No. C-12-
2   04687-HRL, 2013 U.S. Dist. LEXIS 138914, at *5 (N.D. Cal. Sept. 25, 2013).

3         Paralegal Law has over six years of litigation experience, of which over two years have
4   been devoted to access litigation.  Paralegal Guthrie has over two years of experience in access
5   litigation.  Each of the paralegal's rates are supported by similar awards in this district.  *See Banas*
6   *v. Volcano Corp.*, 47 F. Supp. 3d 957, 965 (N.D. Cal. 2014) (finding paralegal rates of $245 to
7   $290 per hour to be high but reasonable); *In re Magsafe Apple Power Adapter Litig.*, 2015 U.S.
8   Dist. LEXIS 11353, at *37 (N.D. Cal. Jan. 30, 2015) (paralegal rates and litigation staff ranged
9   from $150 to $240) (citing cases).

10        Therefore, the paralegal rates requested here, between $95 and $150 per hour, are within the
11  market rates in the Northern District.  The Court finds that Law's hourly rate of $125 and Guthrie's
12  hourly rate of $95 to be reasonable.

### B.  Reasonable number of hours expended on this matter

Plaintiff has requested the following amounts in attorney fees:

| Name | Hours | Rate | Total |
|---|---|---|---|
| Tanya E. Moore, Attorney | 95.5 | $350.00 | $33,425.00 |
| Marejka Sacks, Paralegal | 77.6 | $150.00 | $11,640.00 |
| Whitney Law, Paralegal | 9.6<br>17.8 | $ 85.00<br>$125.00 | $ 3,041.00 |
| David Guthrie, Paralegal | 22.7 | $ 95.00 | $ 2,156.50 |
| | | Total Fees Requested: | $50,262.50 |

---

[2] The court awarded Plaintiff the requested hourly rates without discussion, except to note that the rates were not disputed by Defendants.

6
5:13-cv-01830-RMW
ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ATTORNEY FEES AND LITIGATION EXPENSES

Hernandez's counsel has asserted that her firm uses a contemporaneous time keeping method, and that it bills in increments of one-tenth an hour. As described below, in support of her motion, Plaintiff's counsel summarized the time records for each member of her legal team as follows. (Attorney Tanya E. Moore is referenced as "TM"; paralegal Marejka Sacks as "MS"; paralegal Whitney Law as "WL"; and paralegal David Guthrie as "DG".)

### a. Pre-filing investigation

Plaintiff claims 1.9 hours for TM and 2.4 hours for WL. The Court finds Plaintiff's request reasonable.

### b. Preparation and service the complaint

Plaintiff claims 3.4 hours for TM and 5.5 hours for WL. The Court finds Plaintiff's request reasonable.

### c. Communications with the Yen Defendants

Plaintiff claims 2.5 hours for TM, 0.8 hours for MS, and 1.1 hours for WL. The Court finds Plaintiff's request reasonable.

### d. Default of Yen Defendants

Plaintiff claims 2.5 hours for TM, 0.2 hours for MS, and 1.1 hours for WL. The Court finds Plaintiff's request reasonable.

### e. Default and Set Aside of Mega Fortune

Plaintiff claims 3.4 hours for TM, 2.7 hours for MS, and 2.6 hours for WL. The Court finds Plaintiff's request reasonable.

### f. General Order 56 Joint Site Inspection

Plaintiff claims 6.0 hours for TM, 0.3 hours for MS, and 0.6 hours for WL. The Court finds Plaintiff's request reasonable.

### g. Post Inspection In-Person Meet and Confer

Plaintiff claims 2.4 hours for TM and 1.3 hours for WL. The Court finds Plaintiff's request reasonable.

### h. General Order 56 Mediation

1    Plaintiff claims 19.0 hours for TM, 3.3 hours for MS, and 0.5 hours for WL. The Court
2    finds Plaintiff's request reasonable.

### i. Case Management Conference

Plaintiff claims 2.5 hours for TM, 2.3 hours for MS, and 1.5 hours for WL. The Court finds Plaintiff's request reasonable.

### j. First Amended Complaint

Plaintiff claims 2.3 hours for TM, 0.2 hours for MS, 2.3 hours for WL, and 2.7 hours for DG. The Court finds Plaintiff's request reasonable.

### k. Service of FAC on Yen Defendants

Plaintiff claims 6.0 hours for TM, 1.1 hours for MS, 3.7 hours for WL, and 20.0 hours for DG. The Court finds Plaintiff's request reasonable.

### l. Settlement Conference

Plaintiff claims 9.2 hours for TM and 2.0 hours for MS. The Court finds Plaintiff's request reasonable.

### m. Fact Discovery

Plaintiff claims 9.0 hours for TM, 1.6 hours for MS, and 4.8 hours for WL. The Court finds Plaintiff's request reasonable.

### n. Expert Discovery

Plaintiff claims 1.2 hours for TM and 1.3 hours for MS. The Court finds Plaintiff's request reasonable.

### o. Motion for Summary Judgment

Plaintiff claims 12.1 hours for TM and 35.3 hours for MS. The Court finds Plaintiff's request excessive in light of the extensive experience of Plaintiff's counsel in litigating disability cases, which should have reduced the need for rework. Accordingly, the court adjusts these figures to 8.0 hours for TM and 18.0 hours for MS.

### p. Post Summary Judgment Hearing Proceedings

Plaintiff claims 1.3 hours for TM and 6.1 hours for MS. The Court finds Plaintiff's request

reasonable.

### q. Attorneys' Fees Motion

Plaintiff claims 10.8 hours for TM and 20.4 hours for MS. The Court finds Plaintiff's request excessive given that these totals are almost as great as those claimed on summary judgment. Accordingly, the court adjusts these figures to 5.0 for TM and 8.0 for MS.

In summary, the Court awards the following amount to Hernandez in attorneys' fees:

| Name | Hours | Rate | Total |
|---|---|---|---|
| Tanya E. Moore, Attorney | 85.6 | $350.00 | $29,960.00 |
| Marejka Sacks, Paralegal | 47.9 | $150.00 | $ 7,185.00 |
| Whitney Law, Paralegal | 9.6 hours<br>17.8 hours | $ 85.00<br>$125.00 | $ 3,041.00 |
| David Guthrie, Paralegal | 22.7 | $ 95.00 | $ 2,156.50 |
|  |  | Total Fees: | $42,342.50 |

## IV. LITIGATION EXPENSES INCURRED

Hernandez has requested expenses incurred by her consultant to review the Restaurant to confirm that the non-compliant conditions she complained of existed at the Restaurant in the amount of $875. The Court finds this amount to have been reasonably expended as the type of expenses incurred by a fee-paying client.

Additional expenses are requested for conference rooms necessitated by this Court's General Order 56 mediation in the amount of $636.40. The Court finds this amount to be reasonable and recoverable.

Lastly, Hernandez requests an award of her expert fees in the amount of $4,781.25. The Court likewise finds this amount to be reasonable.

1   Therefore, an award of $6,292.65 for Hernandez's litigation expenses is appropriate.

2   **V.     Order**

3   For the reasons set forth herein, **IT IS HEREBY ORDERED** that Mega Fortune Corp.
4   pay to Alma Clarisa Hernandez the sum of $42,342.50 as and for Hernandez's attorneys' fees, and
5   $6,292.65 for Hernandez's litigation expenses.

6   **IT IS SO ORDERED.**

7   Dated: September 4, 2015



Ronald M. Whyte
United States District Judge